# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ANGEAL UKIRU | ) | No.   13-55722 |
| | ) | D.C. No. 5:12 CV-01667-VAP |
| Plaintiff/Appellant | ) | Central District of California |
| | ) | Los Angeles |
| v | ) | |
| | ) | |
| FEDERAL HOME LOAN | ) | |
| MORTGAGE CORPORATION, et al | ) | |
| | ) | |
| Defendants/Appellees | ) | |
| | ) | |

Appeal from the United States District Court
For the Central District of California
Hon. Virginia A. Phillips, U.S. Judge, Presiding

## APPELLANT'S REPLY BRIEF

Law Offices of Akudinobi & Ikonte
Emmanuel C. Akudinobi, SBN188903
epcakudinobi@yahoo.com
Chijioke O. Ikonte, SBN206203
cikonte@yahoo.com
3540 Wilshire Blvd., Suite 850
Los Angeles, CA 90010

Attorneys for Plaintiff/Appellant
ANGEAL UKIRU

# TABLE OF CONTENTS

Page

I. INTRODUCTION — 1

II. REPLY TO STANDARD OF APPELLATE REVIEW — 2

III. REPLY TO STATEMENT OF THE CASE — 3

IV. REPLY TO ARGUMENTS — 4

a. APPELLANT ALLEGED MISREPRESENTATION IN HER LAWSUIT — 4

b. TORTS REMEDIES ARE AVAILABLE TO APPELLANT — 6

c. APPELLANT'S EQUITABLE CLAIMS TO SET ASIDE TRUSTEE SALE, TO CANCEL TRUSTEE'S DEED UPON SALE, QUIET TITLE, AND WRONGFUL FORECLOSURE ARE NOT DEFICIENT — 7

d. APPELLANT IS NOT REQUIRED TO ALLEGE TENDER SINCE THE FORECLOSURE SALE WAS FRAUDULENTLY PROCURED. — 8

e. APPELLANT'S ALLEGED WRONGFUL CONDUCT TO SUPPORT HER CLAIM FOR VIOLATION OF *BUSINESS & PROFESSIONS CODE* § 17200 — 9

f. THE TENDER RULE IS NOT REQUIRED TO MAINTAIN APPELLANT'S CLAMS FOR FRAUD, NEGLIGENT MISREPRESENTATION AND VIOLATION OF *BUSINESS & PROFESSIONS CODE* § 17200 — 9

g. LEAVE TO AMEND SHOULD HAVE BEEN GRANTED — 10

V. CONCLUSION — 11

# TABLE OF AUTHORITIES

Page

**Cases**

*Arnold's Management Corp v. Eischen* 158 Cal. App. 3d 575 (1984)  9

*Bradley v. Hartford Acc. & Indemnity Co.*  4
30 Cal. App. 3d 818 (1973)

*Campbell v. Birch* 19 Cal. 2d 778 (1942)  6

*Cervantes v. Countrywide Home Loans, Inc.*  11
656 F.3d 1034 (9th Cir. 2011)

*Foley v. Interactive Data Corp* 47 Cal. 3d 654 (1988)  6

*Fontenot v. Wells Fargo Bank* 198 Cal. App. 4th 256 (2011)  7

*Karlsen v. American Savings & Loan Association*  7
15 Cal. App. 3d 575 (1971)

*Lazar v. Superior Court* 12 Cal. 4th 631 (1996)  6, 7

*Lueras v. BAC Homes Loan Servicing, LP*  10
221 Cal. App. 4th 49 (2013)

*North American Chemical Co v. Superior Court*  6
59 Cal. App. 4th 764 (1997)

*Reynolds v. CB Sports Bar, Inc.* 623 F.3d 1143 (7th Cir. 2010)  2

*Silva v. Di Vittorio* 658 F.3d 1090 (9th Cir. 2011)  11

*Smith v. Central Ariz. Water Conservation District*  2
418 F.3d 1028 (9th Cir. 2005)

*Turner v. Milstein* 103 Cal. App. 2d 651 (1951)  4

|  | Page |
|---|---|
| *West v. JP Morgan Chase* 214 Cal. App. 4th 780 (2013) | 10 |

**Statutes**

|  | Page |
|---|---|
| *California Business & Professions Code* § 17200 | 1, 2, 10 |
| *California Civil Code* § 2924 | 3 |
| *California Civil Code* § 2924c | 8 |
| *California Civil Code* § 2924f | 5 |

# I

# INTRODUCTION

The Appellant ("Ukiru") argued in her opening brief that she relied upon the representations by Wells Fargo Bank ("Wells") that it would not foreclose on her property during the period that her loan modification was under review to her detriment.

Also, she argued that Wells negligently misrepresented and concealed facts from her regarding the status of her loan modification. Wells concealed that it had completed the review and approved her for trial payment period under HAMP. She relied upon these concealments and misrepresentations to her detriment.

In addition, she argued that the tender rule was not applicable to her equitable claims since Wells fraudulently procured the foreclosure by failing to inform her about the status of her HAMP application and repeatedly re-assuring her that no such sale would take place during the period of review of her application as well as concealing approval of the application for the trial payment program.

Further, if the tender rule applied to her equitable claims, she had made allegation sufficient to satisfy the requirement. She argued that the tender rule is not applicable to a claim brought pursuant to *California Business & Professions Code* § 17200 *et seq*.

1

Appellees argued that the tender rule applies to Ukiru's claims for equitable relief and damages as well as her claims for violation of *California Business & Professions Code* § 17200 *et seq.* They argue that tort remedies are not available for Ukiru's fraud claims and that the elements of fraud were not adequately pled.

Appellees further argued that there were no procedural defects in the foreclosure sale and that Ukiru had failed to allege tender in her first amended complaint.

Appellant responds as follows:

## II

## REPLY TO STANDARD OF APPELLATE REVIEW

The Appellant's assertion that she may suggest facts outside of the pleading to show that the complaint should not be dismissed is a correct statement of the law. [See *Reynolds v. CB Sports Bar, Inc.* 623 F.3d 1143, 1147 (7th Cir. 2010)] The Appellee's assertion that "Appellant does not point to anything that she could truthfully add in amendment that could cure the serious defects in the FAC" underscores this point [See Brief of Respondents ("RB") Page 2]

*Smith v. Central Ariz. Water Conservation District* 418 F.3d 1028 (9th Cir. 2005) does not contradict the above assertion. In *Smith* the Court was not confronted with the issue of whether pleading additional facts would cure any defects in the pleading.

2

## III

## REPLY TO STATEMENT OF THE CASE

The appellant's rendition of the facts was from the First Amended Complaint. The appellant cited to the first amended complaint.

While the October 25, 2009 agreement required three payments of $1,259.36 to Wells, the payments were not due until after Wells had signed the agreement and returned to Ukiru. [Excerpts of Records ("ER) 27 ¶ 19] The plan would not take effect until Wells had signed and returned a signed copy to Ukiru. [Respondent's Supplemental Excerpts ("RE") 54] In addition, Wells on several occasions informed Ukiru that no payments were due until after the review of her application. [ER 28 ¶¶ 21, 24] Wells executed the agreement on March 22, 2010 but failed to notify Ukiru that it had approved her application and executed the agreement. [ER 28 ¶ 28] She found out that Wells had executed the agreement from her congressman. *Id.*

Ukiru alleged that Wells failed to give notice of the postponed foreclosure sale as mandated by *California Civil Code* § 2924 *et seq.* [ER 28 ¶26]

## IV

## REPLY TO ARGUMENTS

-a-

## APPELLANT ALLEGED MISREPRESENTATION IN HER LAWSUIT

The parties agree that fraud must be pled with specificity. The parties agree that in pleading fraud with specificity, the party making the allegation must state who, what, and when the representations were made.

However, this requirement of who, what, and when is inapplicable when "the defendant must necessarily possess full information concerning the facts of the controversy." [See *Bradley v. Hartford Acc. & Indemnity Co.* 30 Cal. App. 3d 818, 825 (1973)] Also, the requirement is relaxed "when the facts lie more in knowledge of the opposite party." [See *Turner v. Milstein* 103 Cal. App. 2d 651, 658 (1951)]

In this case, Ukiru alleged Wells kept a log of all communications that she had with it. [ER ¶¶ 15, 20] She stated that the log includes the date, time, and person that she spoke with. She identified the individuals that she spoke to as well as the time period that she spoke to the individuals. [ER ¶¶ 15, 17, 20, 21, 24] Thus, she satisfied this requirement for her fraud claim.

The respondents misapprehend the misrepresentations and concealment that are implicated in Ukiru's claims. Ukiru alleged that Wells continually

4

misrepresented to her that it would not foreclose on her property while her application was under review. [ER 28 ¶23] Wells misrepresented to her that it was reviewing her application and that no payments were due during the period of review. [ER 28 ¶24] Wells misrepresented to her that it had canceled the notice of sale. [ER 28 ¶23] Wells concealed the fact that on March 22, 2010, it approved the agreement. [ER ¶28] Wells misrepresented to her that it would promptly notify her if the agreement was not approved. [ER 32 ¶52] Wells concealed the date of sale from Ukiru. [ER 28 ¶26]

Ukiru relied on the misrepresentations to her detriment. For instance, if Wells had canceled the notice of sale as represented to Ukiru, it would have needed to publish another notice of sale prior to foreclosing on the property. [See *California Civil Code* § 2924f] Thus, Ukiru would have made arrangements to save her property.

The argument that Ukiru knew or reasonably should have known that no permanent modification was forthcoming is without moment. Ukiru alleged that she spoke with Wells and was re-assured that the modification was under review. Ukiru failed to take any steps to save her home as a result of the reliance on the misrepresentations as well as the information that was concealed from her. For instance if she was promptly notified on March 22, 2010 that her application had

been approved, Ukiru would have made payment by April 1, 2010. This would have forestalled the sale of her property on April 9, 2010.

Respondents do not dispute that they failed to notify Ukiru that her application had been approved. They do not dispute that no payments under the TPP were due until after Wells had signed and returned the agreement.

-b-

## TORTS REMEDIES ARE AVAILABLE TO APPELLANT

Respondents' position regarding absence of tort remedies ignores a long line of authorities that have held that the same wrongful conduct may constitute both a breach of contract and invasion of an interest protected by tort law. [See *North American Chemical Co v. Superior Court* 59 Cal. App. 4th 764, 774 (1997)] For example where a contract is secured by fraudulent representations, the injured party may elect to affirm the contract and sue for fraud. [See *Campbell v. Birch* 19 Cal. 2d 778, 791 (1942)].

Respondents' reliance on *Foley v. Interactive Data Corp* 47 Cal. 3d 654 (1988) is misplaced. The issue in *Foley* was whether to recognize the existence of tortious breach of implied covenant of good faith and fair dealing in the employment context. The court answered it in the negative.

In *Lazar v. Superior Court* 12 Cal. 4th 631, 645 (1996), the court recognized that traditional tort remedies are available in a contract context. The *Lazar* court

6

opined that pursuing a fraud action will advance the public interest in punishing intentional misrepresentations and in deterring such misrepresentations in the future. [See *Lazar, supra,* 12 Cal. 4th at 646].

Thus, under the facts of this case tort remedies are available to plaintiffs.

-c-

## APPELLANT'S EQUITABLE CLAIMS TO SET ASIDE TRUSTEE SALE, TO CANCEL TRUSTEE'S DEED UPON SALE, QUIET TITLE, AND WRONGFUL FORECLOSURE ARE NOT DEFICIENT

A party can challenge a foreclosure sale by pleading an improper procedure and resulting prejudice. [See *Fontenot v. Wells Fargo Bank* 198 Cal. App. 4th 256, 272 (2011)] In addition, where the party alleges procedural defects that make the sale voidable, the party is required to allege tender to maintain its claims. [See *Karlsen v. American Savings & Loan Association* 15 Cal. App. 3d 575, 577 (1971)]

Ukiru alleged that Respondent failed to comply with the statutory notice requirement as mandated by *California Civil Code.* [ER ¶¶26, 35] No notice was given, oral or otherwise. Wells notified Ukiru that it had canceled the sale and that no sale would take place until conclusion of the modification process. The absence of notice is an improper procedure.

7

Ukiru was prejudiced in that she lost her home without an opportunity to reinstate the loan prior to the sale. [See *California Civil Code* § 2924c(e)]

As argued in our opening brief, Ukiru satisfied the tender requirement in that the allegation in her complaint satisfies it or she could amend to satisfy a more stringent tender requirement that the trial court may require.

Ukiru satisfied the pleading requirement to quiet title. [ER 31 ¶¶ 43 – 47] Ukiru had alleged tender of the underlying obligation in her complaint.

-d-

### APPELLANT IS NOT REQUIRED TO ALLEGE TENDER SINCE THE FORECLOSURE SALE WAS FRAUDULENTLY PROCURED.

As argued in Ukiru's opening brief, the foreclosure was fraudulently procured. Wells promised not to foreclose until completion of the modification process. According to their regulation, Wells will not foreclose until at least thirty days after notification that the modification was denied. In addition, Wells concealed the fact that it had approved the modification and that Ukiru could make payments. Further, Wells advised Ukiru that it had canceled the notice of sale.

Ukiru relied upon these misrepresentations and concealment all to her detriment. Thus, the sale was void due to fraud.

## -e-

## APPELLANT'S ALLEGED WRONGFUL CONDUCT TO SUPPORT HER CLAIM FOR VIOLATION OF *BUSINESS & PROFESSIONS CODE* § 17200

The appellant alleged the wrongful conduct in her first amended complaint. [ER ¶62 – 67] she alleged that the scheme that the respondents engaged in harmed the public. *Id.*

The argument to the contrary is not supported by the first amended complaint. [ER 25 – 37]

## -f-

## THE TENDER RULE IS NOT REQUIRED TO MAINTAIN APPELLANT'S CLAMS FOR FRAUD, NEGLIGENT MISREPRESENTATION AND VIOLATION OF *BUSINESS & PROFESSIONS CODE* § 17200

Respondent's reliance on *Arnold's Management Corp v. Eischen* 158 Cal. App. 3d 575 (1984) for the proposition that Ukiru's claim for damages for fraud and negligent misrepresentation is without moment. The issue in *Arnold* was whether a junior lienor may set aside a non-judicial foreclosure of real property under a deed because of irregularities in the sale, the junior lienor must first tender the full amount owing on the senior obligation. [See *Arnolds, supra,* 158 Cal. App. 3d 575]

9

The issue was not whether the tender rule applies to claims for damages for fraud and negligently misrepresentation as implicated in this case. California courts have recognized claims for damages for fraud and negligent misrepresentation such as in this case without requiring tender. [See e.g *Lueras v. BAC Homes Loan Servicing, LP* 221 Cal. App. 4th 49 (2013)]

Also, the expansive read of *Arnolds* to apply to a claim for violation of *Business & Professions Code* § 17200 is not supported by California state courts that have applied the statute. Moreover, the wrongful conduct alleged in this case relates to the conduct of the respondents in fraudulently foreclosing on consumer's property amongst others.

In *West v. JP Morgan Chase* 214 Cal. App. 4th 780 (2013), the California court recognized claims for fraud, negligent misrepresentation, and violation of *California Business & Professions Code* § 17200 where the plaintiff in that case did not allege tender. [See *West v. JP Morgan Chase, supra,* 214 Cal. App. 4th 792-796, 802, 806-807. The facts of *West* are similar to the facts of this case.

-g-

## LEAVE TO AMEND SHOULD HAVE BEEN GRANTED

As set forth in Ukiru's opening brief, leave to amend should have been granted based upon the court's admissions in its order as well as the fact that it has been recognized that this is a complicated and evolving area of law.

Respondents ignored the view in this circuit that the appellant do not need to request for leave to amend in order to be allowed to amend their pleading. [See *Silva v. Di Vittorio* 658 F.3d 1090, 1105 (9th Cir. 2011)]

*Cervantes v. Countrywide Home Loans, Inc.* 656 F.3d 1034 (9th Cir. 2011) is inapplicable because it involves the amendment of a complaint to add a new claim. The plaintiff in *Cervantes* sought to amend their complaint to add a claim for wrongful foreclosure.

## V

## CONCLUSION

As fully set forth in our opening brief, the district court erred in dismissing the lawsuit with prejudice.

Dated: February 18, 2014                Law Offices of Akudinobi & Ikonte
                                        /s/ Chijioke O. Ikonte
                                        Emmanuel C. Akudinobi
                                        Chijioke O. Ikonte
                                        Attorneys for Plaintiff-Appellant
                                        Angela Ukiru

## CERTIFICATE OF WORD COUNT

Pursuant to Federal Rules of Appellate Procedure 32(a)(7)(C) and Ninth Circuit Rule 32-1, Appellants certify that the attached reply brief is proportionately spaced, has a typeface of 14 points, and contains 2156 words.

Dated: February 18, 2014          Law Offices of Akudinobi & Ikonte
                                  /s/ Chijioke O. Ikonte
                                  Emmanuel C. Akudinobi
                                  Chijioke O. Ikonte
                                  Attorneys for Plaintiff-Appellant
                                  Angela Ukiru

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Appellant Angeal Ukiru states that she is not aware of related cases pending in this Court.

Dated: February 18, 2014

Law Offices of Akudinobi & Ikonte
/s/ Chijioke O. Ikonte
Emmanuel C. Akudinobi
Chijioke O. Ikonte
Attorneys for Plaintiff-Appellant
Angeal Ukiru

9th Circuit Case Number(s) | 13-55722

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | Feb 18, 2014 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Chijioke O. Ikonte

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) |